# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) |
| v. | ) No. 09-20158-01-CM |
| **EDWARDO KINDT,** | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the court is defendant Edwardo Kindt's Motion For Recusal (Doc. 42). Also before the court is defendant's Motion to Change Venue (Doc. 28). Defendant is being held on an indictment for one count of assaulting a corrections officer at USP Leavenworth. Presently, he is being held at the Atchison County, Kansas jail. He is also serving a federal sentence and is designated to FCI Greenville in Greenville, Illinois. The federal sentence was imposed in 2003 in the District of Arizona by Judge Mary H. Murguia, who is, in fact, the undersigned's sister. It is on this basis that defendant seeks recusal.

**Recusal**

Under 28 U.S.C. § 455(a), "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Judicial recusal is required "if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge of his interest or bias in the case." *Sao Paulo State of the Federative Republic of Braz. v. Am. Tobacco Co.*, 535 U.S. 229, 233 (2002) (alterations, emphasis and internal quotation marks omitted).

In *United States v. Edwardo Kindt*, Case No. CR 02-727, defendant pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). At sentencing, Judge Mary Murguia accepted the plea agreement between defendant and the government, which called for a three-level downward departure under U.S.S.G. § 5K2.0. She acknowledged defendant's request for further departure, but in light of the circumstances of his offense (which involved being found near the border only two days after being released from prison and lying to officers about his citizenship) and his 22-point criminal history (which included lying to a police officer and having been deported three times already) Judge Mary Murguia denied any further downward departure. In light of these facts and others facts set out on the record, the court sentenced defendant to 71 months. This represented the maximum sentence allowed by guidelines, which were then believed to be mandatory. In addressing Mr. Kindt at sentencing, Judge Mary Murguia stated:

> Mr. Kindt, you were sentenced at the high end of the guideline because I don't doubt for a minute that once you're released you are going to return back to this country. And so I think in order to safeguard the community from any further violations by you of the law, I need to imprison you for the maximum time allowed.
> You should be advised, though, and I'm going to highlight for you that in all likelihood you are going to be deported after you've served your time. And if you return, when you return without the permission of the Attorney General of the United States and don't have all the proper authority to be back in the United States, and you're found in the United States, you don't have to be engaged in any other illegal activity, you simply have to be found. If that happens, you will be looking at more severe consequences than you were this time. You got a break of three levels in this case. I don't think with a criminal history category of VI that you will be eligible for that kind of break in the future. So I just want to make sure you understand what you'll be looking at if that happens.

(Doc. 42-1, at 16–17.)

Defendant argues that the transcript of the sentencing hearing—and this passage in particular—reveals Judge Mary Murguia's "deep-seated antagonism" toward him. He argues that based on this antagonism, fair judgment would be impossible for Judge Mary Murguia in future

cases, and for the undersigned in the current case.

The court disagrees. Review of the transcript does not reveal "deep-seated antagonism." On the contrary, the sentence was reasonable, and was well-supported by the considerations set out on the record. The court can discern absolutely no personal bias from the reading of the transcript. Moreover, defendant offers no explanation why personal bias, if there was any, should be attributed to the undersigned merely because of his familial relationship with Judge Mary Murguia.[1] The court finds that no reasonable factual basis exists for questioning the undersigned's partiality. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (noting objective standard for determining appearance of impartiality; noting also the "strong duty" of a judge to sit absent a legitimate reason to recuse). Because there is no legitimate reason for this court to recuse, defendant's motion for recusal (Doc. 42) is denied.

**Venue**

In the Motion to Change Venue (Doc. 28) currently before the court, defendant makes the following arguments:

(1) USP Leavenworth brings revenue and jobs to the communities surrounding this district court. Given this difficult economic time, the relationship between the local communities and USP Leavenworth could prejudice the jurors against defendant; and

(2) The alleged victim, as well as staff members employed at USP Leavenworth are from the communities surrounding the district court; potential jurors would have community ties to the victim which may prejudice them against defendant.

---

[1] The court would note that, until defendant mentioned it at the pretrial motion hearing, the court was completely unaware of the previous sentencing hearing, and the undersigned has not had—and does not intend to have—any conversation or communication with the sentencing court regarding defendant in any respect.

Under the Federal Rules of Criminal Procedure, trials are generally to be held in the district where the offense was committed, which in this case would be in the District of Kansas. Fed. R. Crim. P. 18. Defendant is, of course, entitled to be tried by a panel of impartial, indifferent jurors. *Irwin v. Dowd*, 366 U.S. 717 (1961). And this court will transfer the proceeding to another district if it is satisfied that "so great a prejudice against the defendant exists" in this district "that the defendant cannot obtain a fair and impartial trial . . ." Fed. R. Crim. P. 21(a).

In the instant motion, defendant speculates that because the alleged offense occurred at a correctional institution located in this district, jurors may be prejudiced against him. This kind of speculation does not warrant a change of venue. There is no reason for this court to believe that the jurors empaneled for this trial will have such fixed opinions, based on the location of the alleged offense or the alleged victim, that they will not be able to impartially judge defendant's guilt or innocence. *Patton v. Yount*, 467 U.S. 1025, 1035 (1984) (holding that "[t]he relevant question is not whether the community remembered the case, but whether the jurors at [defendant's] trial had such fixed opinions that they could not judge impartially the guilt of the defendant").

Furthermore, there is no reason to believe that the safeguards typically employed by the court to ensure that defendant does get a fair and impartial jury will be ineffective here. Through juror questionnaires, voir dire inquiry, and appropriate jury instructions, this court believes that fair and impartial jurors can be empaneled in this case. *See*, *e.g.*, *Press-Enterprise Co. v. Superior Court of Cal. for Riverside County [II]*, 478 U.S. 1, 15 (1986) (noting that, "[t]hrough voir dire, cumbersome as it is in some circumstances, a court can identify those jurors whose prior knowledge of the case would disable them from rendering an impartial verdict"). The motion to change venue (Doc. 28) is denied.

**IT IS SO ORDERED.**

Entered this 2nd day of December, 2010, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**